IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**STANSEL PROWSE, ADC #658340**                                                **PLAINTIFF**

v.                         **CASE NO. 5:19-CV-115-JM-JTK**

**WENDY KELLEY, ET AL.**                                                       **DEFENDANTS**

BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants Wendy Kelley, Rory Griffin, and Robert Parker, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Kat Guest, submit this Brief in Support of their Motion to Dismiss:

I.     INTRODUCTION AND FACTS

Ms. Obama/Prowse is a transgendered woman, incarcerated in the Arkansas Department of Correction. (*See* DE 2, p. 4) Because Ms. Obama is anatomically male, she is currently assigned to a male facility and is currently housed at the Varner Unit. (DE 2, p. 1).  On February 9, 2018, Obama/Prowse alleges that she was diagnosed with Gender Dysphoria Disorder. (DE 2, 4)  She then sought hormone therapy. (*See id*.  On March 1, 2018, she was seen by the Gender Identity Committee.  (DE 2, p. 4))  The committee concluded that Ms. Obama/Prowse's request for hormone therapy was not clinically indicated or recommended.  (*See* DE 2, p. 4)  Though she alleges that hormone therapy is a common "practice" for Gender Dysphoria, nowhere in her complaint does she allege that a medical or mental health provider has prescribed hormone therapy or treatment. (*See* DE 2)

She sued ADC Director Wendy Kelley, ADC Deputy Director Rory Griffin, and Director of Mental Health and Corrections Programs Bob Parker, in their official capacities only because they "in charge of enforcing all AR's, AD's and VU's (policies) due to the "titles" that possesses within the ADC. (DE 2, p. 1-2, 4) She seeks hormone therapy in the highest available dose and access to female clothing and hygiene commissary items. (DE 2, p. 5)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic Group v. Twombly*, 550 U.S. 544 (2007), the pleading standard that Federal Rule of Civil Procedure 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327.

### III. ARGUMENT

**A. Respondeat Superior is insufficient to support liability under 42 U.S.C. § 1983.**

A section 1983 action against supervisory officers cannot be based on the theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). 42 U.S.C. § 1983 liability requires direct responsibility for the deprivation of rights. *Clemmons v. Armontrout*, 477 F.3d 962 (8th Cir. 2007). General supervisory responsibility for overseeing a prison or prison operations in insufficient. *Id.*; *see also Ouzts v. Cummings*, 825 F.2d 1276, 1277 (8th Cir. 1987).

In this case, Ms. Obama admits that she has sued the Defendants because of their "titles" and their supervisory authority. These broad generalizations, without more—specifically non-conclusory allegations that point to direct involvement—are insufficient to establish liability under 42 U.S.C. § 1983. Therefore, her complaint should be dismissed.

**B. Plaintiff has no constitutional right to hormone therapy, cosmetics, or female clothing, and disagreement with a medical decision does not establish an Eighth Amendment violation, as a matter of law.**

"A prison official exhibits deliberate indifference when the official actually 'knows of and disregards' a prisoner's serious medical needs." *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995) (quoting *Farmer v. Brennan,* 511 U.S. 825 (1994)). Thus, the failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition

created an excessive risk to the inmate's health and then failed to act on that knowledge. Moreover, nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. *White v. Farrier,* 849 F.2d 322, 327 (8th Cir.1988). Prisoners do not have a constitutional right to any particular type of treatment. *See id.* at 327–28. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment. *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir.1994); *Taylor v. Turner,* 884 F.2d 1088, 1090 (8th Cir.1989).

Indeed, an inmate does not have a constitutional right to hormone therapy. *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015), (citing *White v. Farrier*, 849 F.2d 322 (8th Cir. 1988).[1] The *Reid* court expressly held that an Arkansas Department of Correction prisoner was not entitled to estrogen-replacement therapy, as a matter of law. 808 F.3d 1191 (8th Cir. 2015)(holding "Reid does not suggest any action that the Defendants could have taken . . . other than providing estrogen-replacement therapy—treatment to which she is not entitled under the law.") Prisoners also have no constitutional right to opposite gender clothing or cosmetics. *See White v. Farrier*, 849 F.2d 322 (8th Cir. 1988)(relying on *Lamb v. Maschner*, 633 F.Supp. 351-353-54 (D.Kan. 1986). *See also Long v. Nix*, 86 F.3d 761 (8th Cir. 1996)(holding that a prisoner's request to wear women's clothing, in

---

[1] Other jurisdictions have similarly concluded that inmates are not entitled to hormone replacement therapy. *See for example, Supre v. Ricketts,* 792 F.2d 958, 963 (10th Cir. 1986); *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987); *Lamb v. Maschner*, 633 F.Supp. 351, 353-54 (D. Kansas 1986).

4

essence, amounted to a demand that he exist in the prison on his own terms, rather than conform with prison regulations).

Also, in *Seger v. Norris*; et al., Case No. 5:10CV00081-BSM, an ADC inmate alleged he suffered from Gender Identity Disorder and had tried without success to get treatment from ADC officials. (*Id.*, Doc. No. 2 at 6.) He sought monetary relief as well as evaluation and treatment "up to and including hormones." (*Id.* at 15.) On screening, the magistrate judge recommended dismissal with prejudice of the plaintiff's claims, finding the plaintiff had been examined by medical staff at various ADC units and his disagreement with their treatment decisions did not amount to deliberate indifference to a serious medical need. (*Id.*, Doc. No. 6 at 4-6.) The magistrate judge also noted the plaintiff had failed to allege an actual injury. (*Id.* at 6.) The district judge approved and adopted the recommendation, dismissed the plaintiff's claims with prejudice, and entered a "strike" pursuant to 28 U.S.C. § 1915(g). (*Id.*, Doc. No. 24.) The United States Court of Appeals for the Eighth Circuit summarily affirmed. (*Id.*, Doc. No. 36 at 1.) A petition for rehearing en banc was denied. *Seger v. Norris*; et al., No. 10-2711 (8th Cir. 2010).

In *Derx v. Kelley*, this district adopted the magistrate's findings that Derx's complaint had failed to state a claim upon which relief could be granted against ADC Director Wendy Kelley and Warden Jeremy Andrews. 2017 WL 2874314 (ED AR 2017). Like Ms. Obama, Derx sought hormone replacement therapy. *Id.* Citing *Serger, supra*, and relying on the Eighth Circuit's decision in *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015), the *Derx* court concluded that Derx did not have a

5

constitutional right to hormone therapy and that his disagreement with treatment decisions is insufficient to state and Eighth Amendment claim. *Id.* His case was dismissed. *See id*; 2017 WL 2874314 (ED AR 2017).

Ms. Obama/Prowse complaint alleges no more than a denial of her preferred, requested treatment. This denial does not rise to the level of a constitutional violation for two reasons. First, she has no constitutional right to hormone therapy or opposite gender attire and cosmetics. Second, though she alleges that hormone therapy is given in "practice" for Gender Dysphoria diagnosis, no medical or mental health provider has ordered hormone therapy treatment for her diagnosis. It is clear that Defendants have not been deliberately indifferent to Plaintiff's diagnosis. In fact, Ms. Obama/Prowse concedes that she was seen by the Gender Identity committee, and that the committee found that hormone therapy was not clinically required or recommended for her. (DE 2) She, therefore, fails to state an Eighth Amendment claim, and her complaint should be dismissed.

## IV.   CONCLUSION

WHEREFORE, Defendants respectfully request this court grants their motion to dismiss and for all other just and proper relief to which they may be entitled.

                              Respectfully submitted,

                              LESLIE RUTLEDGE
                              Attorney General

            By:    Kat Guest
                  Ark Bar No. 2003100
                  Assistant Attorney General
                  Arkansas Attorney General's Office

        323 Center Street, Suite 200
        Little Rock, AR 72201
        PH: (501) 682-1307
        Fax: (501) 682-2591
        Email: KaTina.guest@arkansasag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I Ka Tina R. Guest, hereby certify that on May 10, 2019, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Stansel Prowse/Ka'Torah Obama
ADC #658340
Varner Unit
P.O. Box 600
Grady, AR 71644

        *Kat Guest*