# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

STANSEL ALEXANDER PROWSE,                                                   PLAINTIFF
ADC #658340

v.                                      5:19CV00115-JM-JTK

WENDEY KELLEY, et al.                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

       1.       Why the record made before the Magistrate Judge is inadequate.

       2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

       3.       The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   Introduction

Plaintiff Stansel Prowse is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs and asking for injunctive relief.

Pending before the Court are Defendants' Motions to Dismiss (Doc. Nos. 11, 18).[1] By Order dated May 22, 2019, the Court directed Plaintiff to respond to Defendants' first Motion within fifteen days of the date of the Order, noting that failure to respond would result in the dismissal without prejudice of his Complaint for failure to prosecute. (Doc. No. 16) As of this date, Plaintiff has not responded, but filed a Motion to Dismiss Defendant Kelley (Doc. No. 20).

## II.   Amended Complaint

Plaintiff alleges he was diagnosed with Dysphoria Disorder on February 9, 2018 by a licensed psychiatrist contracted with the ADC. (Doc. No. 14-1, p. 1) He complains that

---

[1] After Defendants filed their first Motion to Dismiss, the Court granted Plaintiff's Motion to file an Amended Complaint (Doc. No. 16). Defendants then submitted a second Motion to Dismiss, addressing the Amended Complaint.

Defendants, as members of the Gender Dysphoria Committee, denied his request for hormone therapy as a means of treatment, stating "hormone therapy was not clinically indicated nor recommended." (Id., p. 1) He adds that Defendants are appropriately sued, because Parker is Deputy Director of Mental Health and Correctional Programs, Griffin is Deputy Director of Health and Correctional Programs, and Kelley is ADC Director. (Id., p. 2) Plaintiff claims he is conflicted with his assigned gender, suffers from manic depression and has a history of suicide attempts and self-mutilation. (Id., p. 3) Although he was happy with his diagnosis, he states Defendants' subsequent decision to deny hormone therapy caused more depression and suicidal thoughts. (Id.) In his Original Complaint, he requested relief in the form of the highest dose of estrogen hormone therapy, a razor script, state-issued female clothing and hygiene items, and access to feminine commissary clothing and hygiene. (Doc. No. 2, p. 5)

### III.  Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Defendants ask the Court to dismiss Plaintiff's Complaint against them, stating that his

allegations are based on their supervisory positions and he fails to note any direct involvement by them in his treatment. In addition, general supervisory responsibility for overseeing prison operations is insufficient to support § 1983 liability, citing <u>Clemmons v. Armontrout</u>, 477 F.3d 962 (8th Cir. 2007). Defendants also state Plaintiff's allegations do not support a constitutional claim for relief because he does not have a constitutional right to hormone therapy, or opposite gender clothing or cosmetics.

      Initially, the Court notes that Plaintiff's allegations against Defendants are based solely on their administrative positions as members of the gender committee and their decision not to approve hormone therapy, absent a recommendation for such from a psychiatrist or medical professional. However, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. <u>See</u> <u>White v. Holmes</u>, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1376 (8th Cir. 1993). In addition, prison officials who do not have medical expertise cannot be held liable for the decisions of the medical staff. <u>Keeper v. King</u>, 130 F.3d 1309, 1314 (8th Cir. 1997). And, the law is clear that in order for an inmate to succeed on a medical deliberate indifference claim, "it must be brought against the individual directly responsible for [his] medical care." <u>Kulow v. Nix</u>, 28 F.3d 855, 859 (8th Cir. 1994). In this case, although Defendants were involved in the decision not to approve the hormone therapy, Plaintiff admits their decision was based on the lack of such recommendation by his mental-health professional.

      In addition, the Court agrees with Defendants that Plaintiff's allegations fail to support an Eighth Amendment claim for relief. In order to support a claim for an Eighth Amendment

violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

In Reid v. Griffin, an inmate sued prison officials because they refused to provide hormone-replacement therapy for her gender identity disorder (GID). 808 F.3d 1191 (8th Cir. 2015). Although the inmate cut her testicles and was placed under a suicide watch, numerous mental health professionals who evaluated her failed to diagnose her with GID or recommend hormone treatment. Id. at 1192. The court found no Eighth Amendment violation and that her disagreement with the diagnoses and treatment decisions were not actionable under § 1983, citing Dulaney v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). The court noted that the inmate did not allege a failure to provide general mental health treatment or monitoring and that she was not entitled, under the law, to estrogen-replacement therapy. Id. at 1193. Similarly, a denial of hormone replacement therapy did not support a constitutional claim for relief in Derx v. Kelley, No. 5:17CV00040-JM-JJV, 2017 WL 2874627 (E.D.Ark. June 19, 2017), report and recommendation adopted, 2017 WL 2874314 (E.D. Ark. July 5, 2017). And a denial of hormone-replacement therapy, gender reconstructive surgery, and female clothing or hygiene products failed to support a constitutional claim in Butterfield v. Young, No 4:17CV04162-RAL, 2018 WL

1640594 (D.S.D. April 5, 2018).

Therefore, for all the above reasons, this Court finds that Plaintiff's allegations against Defendants do not support a constitutional deliberate indifference claim for relief, and should be dismissed.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Motion to Dismiss Defendant Kelley (Doc. No. 20) be GRANTED.

2.    Defendants' Motions to Dismiss (Doc. Nos. 11, 18) be GRANTED, and Plaintiff's Amended Complaint be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

3.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

4.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 10th day of June , 2019.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.