# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

January 08, 2021

Mr. William John Rold
98 Bergen Street
Brooklyn, NY  11201

RE:  19-2569  Stansel Prowse v. Dexter Payne, et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

AMT

Enclosure(s)

cc:   Ms. Jane A. Becker
      Mr. John William Cleveland Sr.
      Ms. KaTina Hodge-Guest
      Mr. Jim McCormack
      Mr. Stansel Alexander Prowse

   District Court/Agency Case Number(s):   5:19-cv-00115-JM

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

January 08, 2021

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 19-2569  Stansel Prowse v. Dexter Payne, et al

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was William John Rold, of Brooklyn, NY. The following attorneys also appeared on the appellant brief;  Jane A. Becker, of San Juan, PR.,  John William Cleveland, sr, of Sweetwater, TN.

Counsel who presented argument on behalf of the appellee and appeared on the brief was KaTina Hodge-Guest, AAG, of Little Rock, AR.

The judge who heard the case in the district court was Honorable James M. Moody, Jr.. The judgment of the district court was entered on June 25, 2019.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

AMT

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   5:19-cv-00115-JM

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2569
_____

Stansel Alexander Prowse

*Plaintiff - Appellant*

v.

Dexter Payne, Director, Arkansas Department of Correction; Rory Griffin, Deputy Director of Health and Corr. Programs, ADC; Bob Parker, Deputy Director of Mental Health & Corr. Programs, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 23, 2020
Filed: January 8, 2021

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.

    Stansel Alexander Prowse is an inmate in the custody of the Arkansas Department of Corrections (ADC). She filed a pro se 42 U.S.C. § 1983 lawsuit claiming that ADC had denied her hormone therapy to treat her diagnosed gender

dysphoria,[1] in violation of her constitutional rights. Prowse named Wendy Kelley, Rory Griffin, and Robert Parker—prison administrators and members of ADC's Gender Dysphoria Management and Treatment Committee (collectively, the prison administrators)—as defendants. The district court[2] dismissed Prowse's amended complaint with prejudice for failure to state a claim. She appealed. During oral argument, the parties informed this court—for the first time—that Prowse was in fact already receiving hormone therapy and had been for several months. As a result, we ordered supplemental briefing on whether the case is moot. After considering the parties' supplemental filings, we are persuaded that Prowse's request for injunctive relief in the form of hormone therapy is moot.[3]

A.

Article III of the United States Constitution provides that federal courts may adjudicate only "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. A case becomes moot, and is therefore no longer a case or controversy, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the

---

[1]Gender dysphoria is "[a] marked incongruence between one's experienced/expressed gender and assigned gender, of at least 6 months' duration, as manifested by at least two of the [enumerated criteria]." AM. PSYCH. ASS'N, Diagnostic and Statistical Manual of Mental Disorders 452 (5th ed. 2013).

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[3]Even if we assume Prowse has adequately pleaded a request for nominal damages arising from this claim, in addition to her request for injunctive relief, such a request cannot overcome mootness because she sued the prison administrators only in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (explaining that Eleventh Amendment sovereign immunity protects government officials who are sued only in their official capacities from claims for monetary damages).

outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)). We have previously held that a case becomes moot "when changed circumstances already provide the requested relief and eliminate the need for court action." Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786, 791 (8th Cir. 2018) (cleaned up). This is one such case.

With their supplemental brief, the prison administrators submitted an affidavit from defendant Robert Parker, ADC's Mental Health Services administrator and member of the Gender Dysphoria Management and Treatment Committee.[4] According to the affidavit, the committee approved Prowse's request for hormone therapy on May 21, 2020, after a prison psychiatrist and physician "determined that hormone therapy was clinically recommended for Ms. Prowse." Parker further avers that Prowse has received hormone therapy "continuously" since then and "will continue to receive hormone therapy so long as her treating medical professionals determine that hormone therapy is clinically indicated or recommended." Prowse does not dispute that she has regularly received hormone therapy since May 2020.

Of course, a defendant cannot always moot a case simply by voluntarily ceasing its unlawful conduct after the plaintiff files suit. See Nike, 568 U.S. at 91 (citing City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)); Hillesheim, 903 F.3d at 791 ("[V]oluntary cessation of a challenged practice does not necessarily moot a case."). "Otherwise, a defendant could engage in unlawful

---

[4]The prison administrators moved to supplement the record with Parker's affidavit to address mootness. Prowse responded to that motion and submitted her own declaration. The prison administrators view Prowse's response brief and accompanying declaration as "seeking to interject unrelated and potentially unexhausted claims into this litigation" and moved to strike them. We grant the prison administrators' motion to supplement but deny its motion to strike. We will consider the parties' supplemental materials solely for the purpose of deciding mootness.

-3-

conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." Nike, 568 U.S. at 91. Yet, "[a] case might become moot if subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)).

We recognize Prowse's understandable concern that a ruling that her claim is moot might result in prison administrators ceasing to provide her with hormone therapy. But the fact that Prowse is currently receiving hormone therapy renders moot her claim that ADC has a blanket policy of denying hormone therapy to inmates diagnosed with gender dysphoria. And, although it is a closer call, to the extent Prowse argues prison administrators will deny her hormone therapy (without reviving the alleged blanket policy of denial), we find Parker's uncontested affidavit establishes that it is unreasonable to expect prison administrators would deny her "clinically indicated" hormone therapy in the future. A defendant "faces a heavy burden" to establish mootness by way of voluntary cessation, Ctr. for Special Needs Tr. Admin., Inc. v. Olson, 676 F.3d 688, 697 (8th Cir. 2012), but the standard is slightly less onerous when it is the government that has voluntarily ceased the challenged conduct. See Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1267 (11th Cir. 2020) (explaining that "governmental entities and officials have considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities" (quoting Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga., 868 F.3d 1248, 1256 (11th Cir. 2017) (en banc)); Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1283 (11th Cir. 2004) (collecting cases supporting the proposition that "[w]hen government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit"). Parker has expressly stated that Prowse "will continue to receive hormone therapy so long as her treating medical

-4-

professionals determine that hormone therapy is clinically indicated or recommended for her." Under these circumstances, the prison administrators have established that the unconstitutional conduct Prowse alleges "could not reasonably be expected to recur." Friends of the Earth, 528 U.S. at 189. Her claim for injunctive relief in the form of hormone therapy is therefore moot.

B.

In her supplemental brief, Prowse raises new arguments that the case is not moot because prison officials have failed to provide her with adequate medical monitoring of her gender transition, for example, by neglecting to treat the unpleasant side effects of hormone therapy treatment or to provide ancillary mental health treatment. She also asserts that she is being kept in solitary confinement without valid reason. We make no judgment on these claims except to say that Prowse did not raise them in her complaint and that they appear to stem at least in part from the administration, rather than the denial, of hormone therapy. Though these factual allegations may form the basis of another lawsuit, they are not properly before the court in this one and do not overcome mootness. See Gallagher v. City of Clayton, 699 F.3d 1013, 1022 (8th Cir. 2012) (explaining that a complaint cannot "be amended by the briefs on appeal" (quoting Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989)).

C.

Finally, Prowse included in her request for relief state-issued women's clothing and personal hygiene products made available to female prisoners. Because she failed to meaningfully brief this issue on appeal, however, we do not consider it. See United States v. Roberts, 881 F.3d 1049, 1053 (8th Cir. 2018) (declining to consider an argument "not develop[ed]" on appeal). As to her equal protection claim rooted in allegations of harassment, even liberally construing Prowse's pro se filings, we

-5-

find this claim was not stated in her original or amended complaint and thus is not properly before us on appeal.  See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that pro se plaintiffs "are held to a lesser pleading standard than other parties")).

     We vacate the district court's judgment on the hormone therapy claim and remand with instructions to dismiss it as moot.  We affirm the dismissal of the remaining claims.

_____

# Abigail Temple

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Sent:** | Friday, January 8, 2021 7:45 AM |
| **Subject:** | 19-2569 Stansel Prowse v. Dexter Payne, et al "Signed Opinion Filed" (5:19-cv-00115-JM) |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 01/08/2021

| | |
|---|---|
| **Case Name:** | Stansel Prowse v. Dexter Payne, et al |
| **Case Number:** | 19-2569 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: Jane Kelly, Roger L. Wollman and David R. Stras
AUTHORING JUDGE:Jane Kelly (PUBLISHED); Granting [4969715-2] motion to supplement record filed by Ms. KaTina Hodge-Guest.; Denying [4972094-2] motion to strike filed by Ms. KaTina Hodge-Guest. [4992288] [19-2569] (Amanda Trautt)

**Notice will be electronically mailed to:**

Ms. Jane A. Becker: jbw@beckervissepo.com, janebeckerwhitaker@gmail.com
Mr. John William Cleveland, Sr.: johnwcleveland@gmail.com
Ms. KaTina Hodge-Guest, Assistant Attorney General: Katina.Guest@ArkansasAG.gov, kathodgeesq@gmail.com, crystal.carey@arkansasag.gov, agcivil@arkansasag.gov
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. William John Rold: williamjroldesq@verizon.net
MO Lawyers Weekly: michaelh@mesjassociates.com, clash@molawyersmedia.com
West Publishing: us.coa.8@content.thomsonreuters.com

**Notice will be mailed to:**

Mr. Stansel Alexander Prowse
VARNER CORRECTIONAL FACILITY
P.O. Box 600
Grady, AR 71644-0600

The following document(s) are associated with this transaction:

1

**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/AmandaTrautt_192569_4992288_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=01/08/2021] [FileNumber=4992288-1]
[2f2c883be5e78639053fee679c67ed6122b1dbe26dcf20f6f811a5e4265138aa07fae0f0ac0008fea35d2cde9b46e1aa46ed52fd33da14ede2b2497b36962573]]
**Recipients:**

- Ms. Jane A. Becker
- Mr. John William Cleveland, Sr.
- Ms. KaTina Hodge-Guest, Assistant Attorney General
- Mr. Jim McCormack, Clerk of Court
- Mr. Stansel Alexander Prowse
- Mr. William John Rold

**Document Description:** Letter To Publishing
**Original Filename:** /opt/ACECF/live/forms/AmandaTrautt_192569_4992288_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=01/08/2021] [FileNumber=4992288-2]
[756611e504234011199411573eb60aa5a49e3da928ddb72c60564b75afc6b15c928020161fbb9a8279d53310295154cd4bfe84cf4a3d480a6b0929251b2bb4bb]]
**Recipients:**

- MO Lawyers Weekly
- West Publishing

**Document Description:** Published Signed Opinion
**Original Filename:** 192569P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=01/08/2021] [FileNumber=4992288-0]
[6f6a56066a7e31ca61b2d586c3c493a09138a82e26cf8a192e18d43783475bf37051cb1cc3619a5bcd56e7ce2f5bb4771da28da6b927a7fc48009749b4cfd2fe]]

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4992288
**RELIEF(S) DOCKETED:**
  for publication
  to supplement record
  to strike
**DOCKET PART(S) ADDED:** 6682332, 6682333, 6682334, 6638850, 6643365